COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Willis and Clements
Argued at Alexandria, Virginia


KENNETH MICHAEL KERR
                                                OPINION BY
v.    Record No. 0571-00-2        JUDGE JERE M. H. WILLIS, JR.
                                            MARCH 27, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Catherine C. Hammond, Judge

          Andrea C. Long (Boone, Beale, Cosby & Long,
          on brief), for appellant.

          Susan M. Harris, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


    On appeal from the denial of his petition to reinstate his

privilege to operate a motor vehicle, Kenneth Michael Kerr

contends that the trial court erred in ruling that he was

ineligible for reinstatement.  Because Kerr failed to preserve

this issue for appeal, we affirm the judgment of the trial

court.  See Rule 5A:18.

                      I.  BACKGROUND

    Kerr filed a statement of facts in lieu of a transcript.

The statement reads:

          Kenneth Michael Kerr, 29 years old, was
          the only witness who testified during the
          hearing on his petition to reinstate [h]is
          operator's license.  He testified that he
          has only been convicted of a drug offense
          once, which was for simple possession of

marijuana.  He was convicted of that offense on December 7, 1993.  As part of the disposition in that case he was fined and his privilege to operate a motor vehicle was suspended/revoked for a period of six months.

Petitioner testified that he had paid what he thought to be the entire fine and court costs for that drug offense, however, he discovered in 1998 that he still owed some $5.60 on this offense.  As a result, his license had been suspended indefinitely for the drug conviction, by operation of law, from January 13, 1994.  He testified he did not receive any notification of this suspension once it went into effect, but was in court on December 7, 1993[,] when he was told by the clerk that failure to pay in full the fine and costs would result in an automatic suspension of his driving privileges until such time as they and a reinstatement fee are paid.

Since that time, Petitioner amassed other convictions for driving offenses for which fines and costs were assessed which he did not pay in a timely fashion.  Subsequently, his license was suspended indefinitely on these occasions.  He was convicted three times in 1995 and 1996 for driving under revocation or suspension, which led to his adjudication on February 7, 1997[,] as an habitual offender.

In 1998 he paid off all his then-outstanding fines and costs.  It was then that he discovered and paid the unpaid balance on the drug offense.

Petitioner testified that since that drug offense[,] his privilege to operate a motor vehicle in Virginia has never been reinstated.  He has been continuously suspended since January 13, 1994.

-

## II.  ANALYSIS

Kerr contends that the trial court should have restored his driving privileges because he met the statutory guidelines for reinstatement.  See Code § 46.2-361.  We conclude that this issue is barred.  "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  "The burden is upon the appellant to provide us with a record which substantiates the claim of error."  Jenkins v. Winchester Dep't of Social Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).

The record in this case lacks information critical to our determination of the issue raised by Kerr.  No transcript of the February 11, 2000 hearing is provided.  The record contains merely a statement of facts.  That statement contains no assertion by Kerr of the position he takes on appeal, no ruling by the trial court on that position, and no objection by Kerr to any trial court ruling.  The trial order sets forth no such statement of position, ruling or objection.  Thus, the record fails to establish that the issues appealed by Kerr were raised before the trial court.

Because Kerr did not comply with the requirements of Rule 5A:18, his appeal is barred.  Moreover, the record reflects no

reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>